UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS D. B.,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 2:25-cv-02020-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 17, 21.

Having considered the Administrative Record (AR) and all memoranda, the Court concludes that the Administrative Law Judge (ALJ) erred in evaluating certain medical opinion evidence. Accordingly, this matter is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this Order.

//

## I. PROCEDURAL HISTORY

On August 29, 2018, Plaintiff filed his application for Title XVI Supplemental Security Income (SSI) pursuant to 42 U.S.C. § 1381(a). AR 280. His claim was denied initially on November 26, 2018, and upon reconsideration on February 7, 2019. AR 280, 291. On August 26, 2022, ALJ Virginia M. Robinson issued a decision concluding that Plaintiff was not disabled. AR 30. The Appeals Council denied Plaintiff's request for review of the decision on June 23, 2023, making the decision the Commissioner's final decision subject to judicial review. AR 1.

Plaintiff then filed a Complaint in the United States District Court for the Western District of Washington on August 25, 2023. AR 2080. By Order entered May 13, 2024, United States Magistrate Judge David W. Christel reversed and remanded the August 26, 2022, decision. AR 2095. On October 29, 2024, the Appeals Council remanded the matter for further proceedings. AR 2099.

The matter came on for another hearing on May 21, 2025, AR 2017, and on June 18, 2025, ALJ Evangeline Mariano-Jackson (the ALJ), issued a decision, once again, concluding that Plaintiff was not disabled. AR 1994–2006. On October 27, 2025, Plaintiff filed a Complaint with this Court seeking judicial review of the ALJ's decision. Dkt. 6. Defendant filed the sealed Administrative Record in this matter on January 20, 2026. Dkt. 11.

## II. BACKGROUND

Plaintiff was born January 26, 1972, and was forty-six years old on June 1, 2018, his alleged date of disability onset. AR 159–60. Plaintiff has at least a high school education. AR 667. According to the ALJ, Plaintiff suffers from the severe impairments of: impingement of the right shoulder; status-post rotator cuff repair; status-post left shoulder arthroscopic surgery; cervical and lumbar radiculopathy; status-post right hand fracture with surgical repair and hardware removal; obesity; post-traumatic stress disorder; major depressive disorder; bipolar

disorder; antisocial personality disorder; and substance use disorder. AR 1996. The ALJ, however, found that Plaintiff was not disabled because he had the following Residual Functional Capacity (RFC) through his Date Last Insured (DLI) to:

> perform light work as defined in 20 CFR 416.967(b) except he can stand and/or walk for 6 hours and sit for 6 hours in an 8[-]hour workday. He can frequently balance, stoop, kneel, crouch, and climb ramps and/or stairs. He can occasionally crawl. He can never climb ladders, ropes, or scaffolds. He can occasionally push and/or pull with the bilateral upper and lower extremities. He can occasionally reach overhead with the bilateral upper extremities. He can frequently handle and/or finger with the right upper extremity. He can never be exposed to vibrations or extreme heat or cold. He can never work at unprotected heights or around moving mechanical parts or heavy machinery. He can understand, remember, and carry out simple instructions. He can perform tasks that do not require[ ] a specific, production rate pace such as assembly line work or an hourly production quota. He can deal with occasional changes in a routine work setting. He can have occasional interaction with supervisors, coworkers, and the public. He would be off task[ ] 10 percent of an 8-hour workday and would be absent 1 day per month[ ] on a consistent basis due to chronic pain and psychological symptoms.

AR 1999.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

### A. Medical Opinion Evidence

Plaintiff argues that the ALJ erred in evaluating certain medical opinion evidence. Dkt. 17 at 2.[1]

[1] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence that he contends was improperly evaluated, but the Court addresses this argument by considering whether the evidence was improperly discredited and, if so, whether that improper assessment rendered the RFC incomplete.

For applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJ's "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] Rather, ALJ's must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also id.* at § 416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their medical opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also id.* at § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an

---

*See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (RFC inadequacy based only on other arguments is not independent basis for remand).

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

1. Dr. Czysz

First, Plaintiff argues that the ALJ erred in evaluating the medical opinion of Dr. Czysz. Dkt. 17 at 3–8. Dr. Czysz conducted a Psychological/Psychiatric Evaluation of Plaintiff on August 22, 2018. AR 666.

In Dr. Czysz's opinion, Plaintiff had "marked" limitations in his ability to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; learn new tasks; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 668. In turn, Dr. Czysz assessed Plaintiff's overall severity rating as "marked." *Id.*

The ALJ found Dr. Czysz's opinion "not persuasive." AR 2003. As for supportability, the ALJ found that the "degree of limitations noted in this opinion is not fully supported by [Dr. Czysz's] exam findings where [Plaintiff] had some impaired delay memory and fund of knowledge but was appropriately groomed with well-organized thoughts, intact immediate memory, and orientation, perception, concentration, and abstract thought within normal limits." *Id.* Specifically, the ALJ found that Dr. Czysz's opinion that Plaintiff "lacks the capacity to regula[te] his anger, modulate his behavior, and to appreciate the consequences of his actions[,]" was "not supported by the treatment notes showing that during appointments, [Plaintiff] was consistently noted as pleasant, friendly, cooperative, and calm." *Id.*

Plaintiff argues that the ALJ's "summary of Dr. Czysz's opinion . . . is erroneously selective[,] [and] [t]he ALJ did not mention and address other evidence in Dr. Czysz's report that supported his opinion[.]" Dkt. 17 at 5. Indeed, as discussed in the previous appeal in this matter,[3] Dr. Czysz's opinion was supported by his own clinical observations of Plaintiff. AR 669–70.

For instance, Dr. Czysz noted that Plaintiff has "longstanding symptoms of recurrent major depression and this has been a consistent diagnosis on several evaluations[,]" and Plaintiff's "psychomotor slowing was evident and he scored in the moderately depressed range on the Beck Depression Inventory with a score of 24/63." AR 669. Dr. Czysz observed that Plaintiff's "thought content was notable for depressive, self-critical, and negativistic brooding as well as perseveration and intrusive memories of past trauma. [Plaintiff] is deeply mistrustful of others and tends to perseverate on past grievances." AR 670.

Dr. Czysz also noted that Plaintiff "appeared 'edgy' during both of his evaluations with [Dr. Czysz][,] [Plaintiff] has many features of PTSD and stated that one reason he avoids others is in order to avoid conflict since he is hyper-vigilant and this leads to conflict." *Id.* Moreover, Dr. Czysz observed that "[t]here was no evidence of dissimulation or suboptimal effort on testing. [Plaintiff] appeared to be reserved or possibly disengaged, likely due to his mistrust of others." AR 669.

Ultimately, Dr. Czysz opined that Plaintiff's "symptoms of depression would make it difficult for [Plaintiff] to approach new situations, to interview for jobs, or to concentrate on the task at hand" and that "[l]ongstanding personality feature[s] such as volatile mood states, little

[3] Judge Christel noted that Dr. Czysz's opinion was supported because he "identified the basis of his opinion . . . relied on his own observations as well as Plaintiff's reports when conducting the evaluation, and conducted a mental status exam." AR 2093. Judge Christel ultimately concluded that "the ALJ's reasons for discounting Dr. Czysz's opinion are not supported by substantial evidence in the record[.]" *Id.*

capacity for empathy, and chaotic relationship patterns would make it difficult for [Plaintiff] to interact appropriately with co-workers, supervisors, or the public." AR 667.

These clinical observations provide ample support for Dr. Czysz's opinion that Plaintiff would have "marked" limitations in certain areas of mental functioning, "based on [Plaintiff's] antisocial personality features[.]" AR 668–69. As Plaintiff argues, "[t]he ALJ's selective focus upon the few less notable clinical observations without addressing in any manner the evidence, including clinical observations that supported [Dr. Czysz's] opinion[,] [wa]s erroneous." Dkt. 17 at 5; *see also Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (holding that it was erroneous for the ALJ to have "cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment.").

As for consistency, the ALJ found the degree of impairment in Dr. Czysz's opinion was "inconsistent with records from this same year showing that [Plaintiff] reported that he had finished a 'warehouse program at South Seattle Community College' and was working full-time as a landscaper"[4] and with "the more recent records showing that [Plaintiff] reported that he has not been taking mental health medication for years but despite this, reported that he was doing 'ok' overall, denied feeling hopeless, helpless or worthless, and reported adequate sleep, energy, and appetite." AR 2003–04.

Plaintiff argues that Dr. Czysz's opinion was "entirely consistent with that of the treating psychiatrist Dr. Rowlett" and that the ALJ "did not explain why she credited the cited mental

[4] The ALJ's proffered citations, here, do not provide substantial evidence of an inconsistency between Dr. Czysz's opinion and the record because the evidence fails to demonstrate that Plaintiff's employment or educational histories were sufficiently established. Aside from Plaintiff's remarks at this one appointment on June 25, 2018, there is no further reference to Plaintiff's employment as a landscaper in the AR. *See* AR 725, 743. Similarly, aside from this one citation, AR 725, there is no evidence in the record of Plaintiff *completing* any in-person higher education in the AR.

status exams over the multiple abnormal findings from Plaintiff's mental health providers" including guarded, suspicious, angry attitude; apathetic or dysphoric mood; constricted or tense affect; and impaired insight, judgment, and reasoning. Dkt. 17 at 6. The Court agrees.

Despite finding that Dr. Czysz's opinion was inconsistent with the medical records, the ALJ does not indicate why the records she cites for this proposition are inconsistent with other medical records where Plaintiff was observed to have "[g]uarded/suspicious" behavior and attitude, AR 732, or where Plaintiff needed "help with social isolation." AR 736.[5] As Dr. Czysz noted, Plaintiff "has been a patient at [Community Psychiatric Clinic] Belltown for about seven years[,]" and "has deep seated problems with authority figures and would likely have difficulty maintaining employment" due in part to "intermittent explosive disorder." AR 667.

Once again, the ALJ has failed to identify why the evidence she cites—which, as Judge Christel noted in the previous appeal in this matter, "are largely hospital and primary care notes where the focus of care was on [Plaintiff]'s considerable physical health conditions" and not Plaintiff's mental health conditions—should be credited over the numerous abnormal mental health conditions observed by Dr. Czysz, and, as will be discussed *infra*, Dr. Rowlett. This was erroneous because, "[w]e require the ALJ to build an accurate and logical bridge from the evidence to [her] conclusions[,]" and once again, the ALJ has failed to do so.

Finally, although the ALJ found that Plaintiff "was doing 'ok' overall, denied feeling hopeless, helpless[,] or worthless, and reported adequate sleep, energy, and appetite[,]" AR 2004, in making this finding, the ALJ relies upon *one* appointment, Exhibit C27F/2, which occurred on

[5] Indeed, in the previous appeal in this matter, Judge Christel noted that "the ALJ did not explain why she credited the cited [(normal)] mental status exams over the multiple abnormal findings from Plaintiff's mental health providers noting, for example, guarded, suspicious, or angry attitude; apathetic or dysphoric mood[,] constricted or tense affect[,] and impaired insight, judgment, and reasoning.". AR 2092. Ultimately, Judge Christel concluded that the ALJ failed to "build an accurate and logical bridge from the evidence" to her conclusions that Dr. Czysz's opinion was inconsistent with the record, and that this failure necessitated reversal. *Id.*

May 18, 2022. AR 2968. One fact notably absent from the ALJ's findings, is that during that same appointment, Plaintiff "*says that he has been anxious*, but overall he is, 'ok.'" *Id.* (emphasis added). The previous month, however, Plaintiff "presented as guarded and angry with [Case Manager] and this could be due to treatment not meeting his current needs"; just two months after reporting as "ok[,]" Plaintiff's behavior was, once again, noted as "guarded/suspicious." AR 732, 743, 747.

Our Courts have long held that "the fact that [mental health] symptoms wax and wane in the course of treatment is to be expected; it does not create an inconsistency." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (internal quotation marks and citation omitted). Despite Plaintiff's self-report that he was doing "ok" at this *one* appointment, fourteen years into Plaintiff's mental health treatment, the longitudinal record is not inconsistent with Dr. Czysz's opinion. At bottom, the Court concludes that the ALJ's finding that Dr. Czysz's opinion was not consistent with the record is not supported by substantial evidence, and for that reason, the ALJ erred in evaluating Dr. Czysz's medical opinion evidence.

2. Dr. Rowlett

Next, Plaintiff argues that the ALJ erred in evaluating the medical opinion of Dr. Rowlett. Dkt. 17 at 8. Dr. Rowlett conducted a Mental Status Residual Functional Capacity Assessment of Plaintiff on April 21, 2021. AR 1463–65.

In Dr. Rowlett's opinion, Plaintiff had "severe" limitations in his ability to, *inter alia*: interact appropriately with the general public or customers; ask simple questions or request assistance from supervisors; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without distracting them or exhibiting behavior extremes; maintain socially appropriate behavior and to adhere to basic standards of neatness and

cleanliness; and to respond appropriately to expected changes in work setting and routine. AR 1464.

The ALJ found Dr. Rowlett's opinion unpersuasive. AR 2004. As for supportability, the ALJ found that the opinion was not supported by "treatment notes from around this time where [Dr. Rowlette] observed [Plaintiff] to have normal speech, to be fully oriented, to have linear and goal-directed thoughts, to have intact memory and attention, and to have fund of knowledge within normal limits." *Id.*

Plaintiff argues that "treatment notes of Dr. Rowlett's team do in fact support his assigned limitations." Dkt. 17 at 9. Indeed, our Courts have long recognized that, when a treating medical source submits a "check-box form" on behalf of a claimant's disability application, the "check-box form d[oes] not stand alone," but should be considered with the "pages of treatment notes created by [the treating medical source] in the course of their relationship with [the claimant]." *Garrison*, 759 F.3d at 1014 n.17.

As Plaintiff notes, treatment notes from Dr. Rowlett and his team at Community Psychiatric Clinic indicate that, on one occasion Plaintiff "presented in a quiet manner." AR 743. At another, Plaintiff indicated that he was "feeling 'angry[,]'" his "affect was tense, speech was monotone[,]" and he "presented as guarded and angry[.]" AR 747. On December 4, 2017, Dr. Rowlett noted Plaintiff's affect was "constricted[,]" his insight was "impaired[,]" his behavior was "guarded[,]" his mood was "dysphoric[,]" and his judgment was also "impaired." AR 753.

As Plaintiff argues, the ALJ "did not discuss or address this evidence [from Dr. Rowlett's treating relationship with Plaintiff] in any manner," Dkt. 17 at 10, and once again, the ALJ has not explained why she credited the normal mental status observations but disregarded the

abnormal observations from Dr. Rowlett's treating notes. For this reason, the Court concludes that the ALJ erred in finding that Dr. Rowlett's opinion was not supported.

As for consistency, the ALJ found Dr. Rowlett's opined limitations were "not consistent with [Dr. Rowlette's] own treatment notes from 2 months later showing that [Plaintiff] reported that he was caring for a woman who needed assistance with hygiene and feeding." AR 2004.[6] Finally, the ALJ found the opinion "inconsistent with more recent records showing that [Plaintiff] reported doing well overall despite no significant, ongoing mental health treatment." *Id.*

To the contrary, as discussed at length, *supra*, Plaintiff's mental health records do not provide substantial evidence of Plaintiff "doing well overall" but that Plaintiff's mental health symptoms waxed and waned over the course of many years. *See supra* pp. 7–9. For these reasons, the Court concludes that the ALJ *also* erred in evaluating Dr. Rowlett's medical opinion.

3. <u>Harmless Error Analysis</u>

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination of whether an error is harmless requires a "case-specific application of judgment"

[6] Plaintiff argues that "[t]here is no evidence that [Plaintiff]'s care for this individual was comparable to" substantial gainful activity, because "the note the ALJ cited paints a different picture." Dkt. 17 at 10. Indeed, this record, C22F/1, indicates that Plaintiff "is with a woman who just lays in bed only moving to get up and go to the bathroom . . . [s]he lays in bed waiting for him to feed her. If he does not feed her she will not eat. He asks me what he should do. I told him to call 911 and report what he has told me. He says he will do that." AR 1876. The ALJ does not explain how, or why, this evidence is inconsistent with Dr. Rowlett's opinion. AR 2004. It is unclear to the Court how, in light of the longitudinal record of Plaintiff's mental health impairments, this one finding provides substantial evidence for the ALJ's finding that Dr. Rowlett's opinion was inconsistent with this record.

by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118–19 (citations omitted).

Here, the ALJ's error is not harmless because, had the ALJ properly considered Dr. Czysz's or Dr. Rowlett's medical opinion evidence, Plaintiff's RFC may have included additional limitations, or the ultimate determination of disability may have changed because Dr. Czysz and Dr. Rowlett opined limitations that, if found persuasive, would entail a finding of disability. For this reason, the proper disposition is to reverse and remand the matter to the Social Security Administration for further proceedings. *See Molina*, 674 F.3d at 1115.

**B. Remaining Issues**

In light of the ALJ's harmful error in evaluating the medical opinion evidence, the Court need not consider Plaintiff's remaining arguments regarding the medical opinion evidence or Plaintiff's RFC because, on remand, the ALJ is instructed to reconsider the entire Social Security evaluation process, including the medical opinion evidence and Plaintiff's RFC. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *Watson v. Astrue*, No. ED-CV-09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (concluding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be

//

//

**REVERSED** AND **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 30th day of July, 2026.

Grady J. Leupold
United States Magistrate Judge